# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **H.C.**

**No. 15-0672** (Mercer County 14-JAT-493)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.W., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's April 21, 2015, order terminating her parental, custodial, and guardianship rights to ten-year-old H.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Raeann Osborne, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardianship rights instead of granting her an improvement period.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that the child was truant from school. Later that month, the DHHR filed an amended petition alleging that, in addition to the child's truancy, petitioner suffered from substance abuse and that she took the child "panhandling."

In January of 2015, the circuit court held a preliminary hearing. Prior to the start of that hearing, the circuit court held an in-camera interview with the child. According to the circuit court, the child stated that when she resided with petitioner she often missed school and breakfast; lived in a house with no food; witnessed petitioner "shoot up" drugs in her feet, arms, and fingers; witnessed petitioner's head droop forward or backward after she shot up; that petitioner took the child "panhandling" and referred to the child as her "money maker"; that petitioner took the child on drug deals, which sometimes involved people with guns; that, at one time, a man pulled a gun on them and claimed petitioner "ripped them off"; and that petitioner's

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

boyfriend hurt her. During the hearing, the circuit court noted that petitioner's "eyes are rolling back in her head and she's dozing off in court." The DHHR presented its case in support of the allegations in the petition, and petitioner testified on her own behalf. At the conclusion of the hearing, the circuit court found probable cause for the child's removal and set the matter for adjudication.

In February of 2015, the circuit court held an adjudicatory hearing. The circuit court incorporated the testimony of the DHHR's witnesses from the prior hearing. Petitioner testified and explained her history with drug addiction and attempts to achieve sobriety. She admitted that she had used drugs intravenously and had prior Child Protective Services ("CPS") involvement, including several prior abuse and neglect petitions against her, all of which were ultimately dismissed. The DHHR called a CPS worker in rebuttal. He testified that petitioner refused to enter into a substance abuse detoxification program, and a substance abuse rehabilitation program denied her acceptance because she arrived at the program with her prescription bottle of Neurontin empty when it should have had pills remaining. At the conclusion of the hearing, the circuit court adjudicated petitioner as an abusing parent. The circuit court held its ruling on any improvement period for petitioner in abeyance and set the matter for disposition.

In March of 2015, the circuit court held a dispositional hearing. The DHHR presented evidence that petitioner had a prolonged history with CPS, which included several prior abuse and neglect petitions filed against her for substance abuse, lack of appropriate supervision, or other concerns, and that she failed to fully follow through with rehabilitative efforts. Further, the CPS worker testified that petitioner was arrested in mid-March of 2015 for disorderly conduct and attempt to commit a misdemeanor, after police were called to a store parking lot where petitioner was begging for money and had allegedly attempted to open the door of a car parked there. Petitioner was said to be "very belligerent and yelling" when approached by police. In her testimony, petitioner admitted to the arrest in March of 2015. At the conclusion of the hearing, the circuit court found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future and the child's welfare required termination. By order entered on April 21, 2015, the circuit court terminated petitioner's "parental, custodial, and guardianship rights" to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner assigns error to the circuit court's termination of her parental, custodial, or guardianship rights instead of granting her either a post-adjudicatory or dispositional improvement period. We have explained that West Virginia Code §§ 49-6-12(b), 49-6-12(c), and 49-6-5(c) provide circuit courts with discretion in determining whether to grant or deny improvement periods to respondent parents in these proceedings.[2] *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)); *see also In re Tonjia M*, 212 W.Va. 443, 448, 573 S.E.2d 354, 359 (2002) (stating that "[w]e have held that the granting of an improvement period is within the circuit court's discretion."). Pursuant to those statutes, a circuit court may grant an improvement period to a respondent parent who demonstrates by clear and convincing evidence that she is likely to fully participate in the same.

In the instant case, we find no error in the circuit court's denial of her motion for an improvement period. It is clear from the record on appeal that petitioner has an extensive history with substance abuse and CPS. In the most recent action against her, she had relapsed into substance abuse and did significant harm to this child due to that relapse. This occurred even after she had three prior abuse and neglect proceedings dismissed, which included at least two separate allegations of substance abuse and the successful completion of at least one improvement period. Notably, petitioner was arrested for disorderly conduct in an incident occurring mere days before the dispositional hearing. Based on the record before this Court, petitioner failed to satisfy her burden to demonstrate by clear and convincing evidence that she was likely to fully participate in an improvement period. As such, we find no abuse of discretion in the circuit court's denial of an improvement period herein.

Further, we have often explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). Here, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially

---

[2]While petitioner cites the new enactment of West Virginia Code in support of her claims, we note that the new enactment was not in effect at the time of all relevant proceedings below.

3

corrected in the near future and that the child's welfare required termination. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. Therefore, we find no merit to petitioner's assignment of error on appeal.

For the foregoing reasons, we find no error in the circuit court's April 21, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II